UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| PAUL LOUCKS, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. 3:22-cv-00617 |
|  | ) Judge Trauger |
| STATE OF TENNESSEE, et al., | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

Paul Loucks, a pretrial detainee at the Dickson County Jail in Charlotte, Tennessee, filed original and amended petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. Nos. 1, 3, 6.) He submitted the $5 filing fee with the original petition (Doc. No. 1-1) and later submitted a duplicate payment. (Doc. No. 5.) The Clerk is **DIRECTED** to refund the duplicate payment (Doc. No. 5) to the petitioner. This case is before the court for preliminary review to determine "[i]f it plainly appears from the petition[s] and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4; Habeas Rule 1(b) (allowing application of Habeas Rules to Section 2241 petitions). And for the following reasons, this case will be dismissed.

I.  Background

The petitioner is challenging detainment stemming from his July 2022 arrest and subsequent charges in Dickson County Circuit Court.[1] (Doc. No. 1 at 1; Doc. No. 3 at 2.) The

---

[1] The court takes judicial notice from the Dickson County Online Court Records System that the petitioner currently faces two cases. Fed. R. Evid. 201(b) (allowing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). In Case No. 22CC-2022-CR-271, he appears to be charged with: knowingly manufacturing, delivering, selling or possessing (with intent to manufacture, deliver or sell) methamphetamine; employing a firearm during acts related to a dangerous felony; and possessing a firearm as a felon. *See* https://dickson.tncrtinfo.com/crCaseForm.aspx?id=9CFD298F-2848-4830-A7EC-FC64714F64D5 (last visited Nov. 3, 2022). And in Case No. 22CC-2022-CR-286, the petitioner appears to be charged with driving under the influence (first offense) and

petitioner alleges that he was on "CSX Rail Road property" when a local law enforcement officer arrived and told him that the property was "federal jurisdiction." (Doc. No. 1 at 1.) The officer later arrested him. (*Id.*) The petitioner questions whether local law enforcement had jurisdiction to arrest and prosecute him for events that occurred within "federal jurisdiction." (*Id.* at 1–2.)

The petitioner raises several additional concerns with his state prosecution, including that his vehicle was searched without a warrant, he was not arraigned or indicted in timely manner following his arrest, and there is insufficient evidence to support one of his charges. (Doc. No. 3 at 2–3, 5–8.) He also asserts that some of the state criminal laws he is charged with violating—those "prohibiting control[l]ed substances"—are unconstitutional. (*See* Doc. No. 6 at 1–2.)

The petitioner requests that the court declare his detainment illegal, declare the relevant controlled-substance laws unconstitutional, order his release, dismiss any indictment or pending indictment, and return the personal property seized by law enforcement. (Doc. No. 1 at 3; Doc. No. 3 at 9–10; Doc. No. 6 at 11.)

**II. Analysis**

There is a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). To that end, federal courts should abstain from considering a pretrial habeas corpus petition "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) (collecting cases). In extraordinary circumstances, however, state pretrial detainees may seek federal habeas relief from pending state prosecutions under 28 U.S.C. § 2241. *See Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). The few recognized circumstances that may justify federal review

---

resisting a stop, frisk, halt, arrest, or search (using a deadly weapon). *See* https://dickson.tncrtinfo.com/crCaseForm.aspx?id=A360368B-739C-46DC-BFE1-9F05F0D9949F (last visited Nov. 3, 2022).

include: (1) speedy-trial claims where a petitioner is seeking a prompt trial (rather than dismissal of charges), *Atkins*, 644 F.2d at 546–47; (2) double jeopardy claims, *Christian*, 739 F.3d at 297; (3) excessive bail claims, *Atkins*, 644 F.2d at 549; and (4) claims "to bar a state's attempted retrial rather than permitting a defendant to accept an initial plea offer originally rejected *because of* ineffective assistance of counsel." *Fleming v. Hamilton Cnty. Just. Ctr.*, No. 1:19-cv-1006, 2020 WL 1872351, at *3 (S.D. Ohio Apr. 15, 2020) (citing *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989)).

Here, the petitioner's claims do not present any of the extraordinary circumstances that may justify federal intervention in ongoing state proceedings. *See Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021) (denying certificate of appealability on state pretrial detainee's Fourth Amendment and subject-matter-jurisdiction claims brought under Section 2241 because he did not make "a substantial showing that he would be irreparably injured by having to litigate those claims in his state criminal case"); *Hairston v. Franklin Cnty. Ct. of Common Pleas*, No. 2:17-CV-00353, 2017 WL 2972151, at *1–2 (S.D. Ohio July 12, 2017) (counting state pretrial detainee's Section 2241 claim that his arraignment violated state-court policy among the claims that may be resolved by state procedures); *Laury v. Picaell*, No. 08-CV-11391, 2008 WL 1456033, at *1 (E.D. Mich. Apr. 10, 2008) (rejecting state pretrial detainee's claim of insufficient evidence raised in Section 2241 petition because he had "yet to be convicted of any criminal charges"); *Anglin v. Breckinridge Cir. Ct.*, No. 3:11CV-P220-H, 2011 WL 1750787, at *1–2 (W.D. Ky. May 6, 2011) (rejecting state pretrial detainee's attempt to use Section 2241 petition to challenge constitutionality of state statue where petitioner "fail[ed] to show that he would be precluded from asserting his constitutional claims during the course of his criminal trial, on direct appeal, and, if applicable, through a properly filed state collateral attack").

3

Therefore, to avoid "disrupt[ing] the orderly functioning of state judicial processes," the court will not consider the merits of the petitioner's claims. *See Anglin*, 2011 WL 1750787, at *2 (quoting *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 491 (1973)).

## III. Conclusion

For these reasons, the petitioner is not entitled to federal habeas relief from his state prosecution under Section 2241, and this case is **DISMISSED** without prejudice.

The petitioner cannot appeal this adverse ruling without a certificate of appealability (COA). *See* Habeas Rule 11(a). A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The petitioner has not satisfied this standard, so the court **DENIES** a COA. If the petitioner files a notice of appeal in this court, however, he may request a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge